# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR MARCELINO MARES, | 1:11-cv-01746-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| M. STAINER, | [Doc. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his May 7, 2008 conviction for burglary. He is serving a four-year sentence.

On April 29, 2009, Petitioner was validated as an associate of the Mexican Mafia prison gang and assessed an indeterminate term in the security housing unit.

On January 25, 2010, California Penal Code section 2933.6, subdivision (a), was amended to deny credits to inmates who are housed in the security housing unit and who are validated as active associates of a prison gang. Cal. Penal Code § 2933.6(a).

On February 17, 2011, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court alleging the amendment to section 2933.6 violates the Ex Post Facto

Clause because it impermissibly increases his punishment. The California Supreme Court summarily denied the petition.

Petitioner filed the instant petition for writ of habeas corpus on September 29, 2011. Respondent filed an answer to the petition on December 16, 2011. Petitioner did not file a traverse.

## DISCUSSION

### I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner is currently incarcerated at the California Correctional Institution in Tehachapi, California and challenges the execution of his sentence.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008 (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### II. Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
> or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, __ U.S. __, 129 S.Ct. 1411, 1419 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, __ U.S. __, 131 S.Ct. 733, 737 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011). "A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

III.     Amendment to California Penal Code Section 2933.6

Petitioner contends that the January 25, 2010 amendment to California Penal Code section 2933.6, which denies credits to inmates who are validated prison-gang associates and who are housed in the security housing unit, violates the Ex Post Facto Clause because it changes the consequences of his 2009 gang validation to his disadvantage and makes the punishment for his commitment offense more onerous.

On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence reduction conduct credits, was amended to read: "(a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct."

In order for a law to be ex post facto, it must be both disadvantageous to the offender and retrospective. Weaver v. Graham, 450 U.S. 24, 29 (1981). To determine if a law is retrospective, "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date." Id. at 31.

In Weaver, the Court noted "the ex post facto prohibition . . . forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." 450 U.S. at 30. At the time Weaver was convicted of his commitment offense, he was eligible for a specific number of gain-time credits awarded for good conduct. However, two years into his prison sentence, Florida reduced the number of gain-time credits inmate Weaver could accrue. As a result, inmate Weaver was "disadvantaged by the reduced opportunity to shorten his

4

time in prison simply through good conduct." Id. at 33-34.  The amendment reduced inmate Weaver's credits through no fault of his own.  The only conduct triggering the application of the gain-time statute to inmate Weaver was his commission of the commitment offense-which took place two years prior to the amendment.  Thus, the new law effectively lengthened inmate Weaver's prison term.

In Lynce, the Supreme Court applied the two-part test set forth in Weaver to determine if a Florida law which revoked overcrowding credits that had already been awarded was ex post facto. Lynce v. Mathis, 519 U.S. 433, 441 (1997).  The Court held the new law "retroactively cancelled all provisional credits awarded to inmates convicted of murder or attempted murder." Id. at 436. The law clearly disadvantaged inmate Lynce because it "had the effect of lengthening [Lynce's] period of incarceration." Id. at 443.  As in Weaver, the only conduct triggering the new application of the law was the commission of the crime years earlier.

In this instance, unlike the amendments in Weaver and Lynce, Section 2933.6 is not ex post facto because it is not retrospective, i.e. it does not punish inmates for conduct that was completed before the effective date of the amendment-January 25, 2010.  Cal. Penal Code § 2933.6(a).  2933.6; Kansas v. Hendricks, 521 U.S. 346, 370-371 (1997) (holding Kansas' Sexually Violent Predator Act is not an ex post facto law because, among other reasons, it is not retrospective since it permits involuntary confinement based on a determination of current mental disorder "and does not criminalize conduct legal before its enactment, nor deprive [petitioner] of any defense that was available to him at the time of his crimes.")  Instead, the amendment to the law applies to Petitioner because of his continued association with the Mexican Mafia *after* January 25, 2010.  Cal. Penal Code § 2933.6(a).  If Petitioner had not been an active associate of the gang after January 25, 2010, the law would not apply to him.  Id.

Furthermore, the fact that Petitioner was convicted of his commitment offense and validated as a prison-gang associate before January 25, 2010 is of no consequence to the ex post facto analysis here because the conduct being punished-active association with a prison gang-is continuing in nature and has continued after January 25, 2010.  See e.g. Madrid v. Gomez, 889 F.Supp. 1146, 1270-1279 (N.D. Cal. 1995) (upholding the gang validation process and the

1  accompanying periodic reviews to ensure inmates are properly placed in the security housing unit
2  based on their continuing gang affiliation); Cal. Code Regs. tit. 15, § 3378(c)(1) (defining current
3  prison gang activity "as any documented gang activity within the past six (6) years.") Moreover,
4  Petitioner has not been deprived of any previously earned credits, and Petitioner can drop out of
5  his prison gang and restore his credit eligibility at any time by completing the debriefing process.
6  Cal. Penal Code § 2933.6(a); Cal. Code Regs. tit. 15, § 3378.1.  Petitioner continues to refuse to
7  end his gang association by debriefing.  (Ex. 1 at 16, 19, 27.)  Thus, there is no merit to
8  Petitioner's claim that section 2933.6 is an ex post facto law violation, and the state court
9  determinations were not contrary to or an unreasonable application of existing Supreme Court
10 precedent.  Nor has Petitioner set forth clear and convincing evidence that the state courts made
11 any factual errors.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and
2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 1, 2012**                    /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE